UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHAWN H. PREBLE** | **CIVIL ACTION NO:** |
| vs. | 3:19-cv-2019 |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** | DECEMBER 30, 2019 |

## COMPLAINT

COMES NOW, Plaintiff, Shan H. Preble, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Shawn H. Preble, ("Plaintiff") was and still is a resident of the Commonwealth of Massachusetts.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Hartford Life and Accident Insurance Company ("The Hartford") ("Defendant") is a for-profit corporation incorporated under the laws of the State of Connecticut with an address of One Hartford Plaza, Hartford, Connecticut, 06155.

3. Defendant may be found in the District of Connecticut.

## JURISDICTION AND VENUE

1

4. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

5. Venue in the District of Connecticut is appropriate because Defendant is found in this judicial district.

6. Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Connecticut.

## FACTS

7. At all relevant times hereinafter mentioned, Plaintiff was an employee of National Grid.

8. At all relevant times hereinafter mentioned, Plaintiff worked as a Customer Representative for National Grid.

9. During Plaintiff's employment with National Grid, Defendant issued long term disability group policy No. GLT674832 (hereinafter "the Policy").

10. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible National Grid employees in exchange for the payment of premiums by National Grid and/or the employees.

11. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued to National Grid.

12. Said policy issued to National grid provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

13.     According to the Policy, an insured employee is considered disabled if due to sickness or injury he or she is not able to perform his or her own occupation for a period of 24 months.  After the first 24 months of disability, an insured employee is considered disabled if due to sickness or injury, he or she is not able to engage in any occupation.

14.     On or about August 17, 2018, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

15.     Plaintiff's disability is caused by, among other things, complex regional pain syndrome, (CRPS).

16.     Plaintiff filed an application for long term disability benefits with a date of disability of August 17, 2018.

17.     On February 22, 2019, Defendant issued a letter to Plaintiff denying his long term disability benefits.

18.     Plaintiff filed an administrative appeal of the denial of his long term disability benefits.

19.     In response to Plaintiff's administrative appeal, Defendant issued a letter, dated May 30, 2019 denying his long term disability appeal and that closing his claim.

20.     Defendant closed Plaintiff's appeal on May 30, 2019 without allowing him an opportunity to a full and fair review, in violation of ERISA.

21.     As of this date, Plaintiff continues to be disabled in that as a result of his medical conditions he is unable to perform his own occupation or any gainful occupation.

22.     Despite Plaintiff's continued disability, Defendant has denied benefits to Plaintiff

and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

23. Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

24. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

25. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

26. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the refusal to consider Plaintiff's credible subjective complaints on his ability to work, the failure to consider the medical opinion of a medical expert in CRPS who has examined the plaintiff, the failure to consider rebuttal evidence and the reliance upon a selective review of medical records to reach a result oriented claim determination.

27. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

28. Plaintiff has exhausted all administrative appeals and remedies to the extent they are provided under the law.

29. Plaintiff is entitled to a de novo review of his claim.

WHEREFORE, Plaintiff Shawn H. Preble prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto

regarding the matters set forth in this Complaint specifying the following:

    a)    Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that he is unable to perform his own occupation or any occupation.

    b)    Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

    c)    Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains disabled, subject to the applicable benefit period in the policy;

    d)    Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

    e)    Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

    f)    Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

    g)    Such other and further relief as the Court may deem just and proper.

PLAINTIFF

By   /S/ Iván A. Ramos
Iván A. Ramos (ct#14122)
RamosLaw
255 Main Street, Suite 401
Hartford, Connecticut 06106
Tel. (860) 519-5242
Fax. (860) 838-6403
ivan@ramosdisability.com